IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| HALLMARK COUNTY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. _____ ) |
| v. | ) ) ) |
| SMS TRANSPORT, INC., VICTOR THEODOR, and MELISSA REDWINE | ) ) ) |
| Defendants. | ) ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT
## DECLARATORY RELIEF REQUESTED

COMES NOW Plaintiff Hallmark County Mutual Insurance Company ("Hallmark") and files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 requesting declaratory relief from this Court as follows:

## INTRODUCTION

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to determine and resolve questions of actual controversy involving commercial auto insurance policy no. A42517962-1 (the "Policy") issued by Hallmark to SMS Transport, Inc. ("SMS"). A true and correct copy of the Policy (with premium amounts redacted) is attached as Exhibit 1.

2. Hallmark seeks a declaration from this Court that it has no duty to defend, indemnify, or otherwise pay any Defendant under either the Policy or the Form MCS-90 Endorsement attached to the Policy in connection with an automobile accident that took place on September 3, 2020, in East Ridge, Hamilton County, Tennessee ("the Accident").

## PARTIES

3. Hallmark is an insurance company incorporated and organized under the laws of the State of Texas and having its principal place of business in the State of Texas. Therefore, Hallmark is a citizen of Texas.

4. SMS is a corporation organized under the laws of the State of Texas and having its principal place of business in the State of Texas.

5. Upon information and belief, Victor Theodor ("Theodor") is an individual resident citizen of the State of Nebraska.

6. Upon information and belief, Melissa Redwine is an individual resident citizen of the State of Georgia.

## JURISDICTION

7. This Court has jurisdiction under 28 U.S.C. § 1331 as the applicability and scope of Hallmark's obligations under the MCS-90 endorsement, which is governed by federal law, are disputed and the MCS-90 endorsement raises a federal question sufficient to confer original jurisdiction pursuant to 28 U.S.C. § 1331

8. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure because Plaintiff Hallmark has a substantial likelihood of suffering future injury.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## THE ACCIDENT AND UNDERLYING LAWSUIT

10. The Accident occurred on September 3, 2020, when a commercial motor vehicle driven by Theodor struck the rear of a vehicle driven by Melissa Redwine ("Redwine"). A copy of the police report for the Accident (with home addresses and dates of birth redacted) is attached as Exhibit 2.

11. Theodor was operating a 2014 Freightliner, VIN 3ALACWDT7EDFL6663, at the time of the Accident.

12. SMS owned the 2014 Freightliner operated by Theodor at the time of the Accident.

13. Redwine asserted that Theodor and SMS are liable for damages caused by the Accident in a civil action styled <u>Melissa Redwine v. SMS Transport, Inc. and Victor Theodor</u>, in the United States District Court, Eastern District of Tennessee,

M1029699.1 16076

3

Case 1:23-cv-00152-CHS    Document 1    Filed 07/11/23    Page 3 of 11    PageID #: 3

Chattanooga Division, civil action no. 1:21-cv-00199 (hereinafter "the Underlying Lawsuit"). A copy of the Complaint filed by Defendant Redwine in the Underlying Lawsuit is attached as Exhibit 3.

## THE HALLMARK POLICY

14. The Policy provides commercial auto liability coverage under the Business Auto Coverage Form [CA 00 01 03 06] subject to its terms and conditions.

15. The Business Auto Coverage Form contains the following relevant provisions:

> **SECTION I – COVERED AUTOS**
>
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".
>
> * * * *
>
> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
>
> **A. Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> * * * *

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\* \* \* \*

16. Item Two of the Declarations lists Symbol "7" for Covered Autos Liability Coverage. The Business Auto Coverage Form defines the autos covered under Symbol "7" as follows:

Symbol 7 – Specifically Described "Autos"

Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

\* \* \* \*

17. The Business Auto Coverage Form defines the term "auto" as follows:

**SECTION V - DEFINITIONS**

B. "Auto" means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other

motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

18. The Policy only provides liability coverage for autos that qualify as "covered autos" under the Policy.

19. The only autos that qualify as "covered autos" under the Policy are autos that are specifically described in the Policy.

20. The 2014 Freightliner, VIN 3ALACWDT7EDFL6663, that Theodor was operating at the time of the Accident is not described in the Policy.

21. The 2014 Freightliner, VIN 3ALACWDT7EDFL6663, that Theodor was operating at the time of the Accident does not qualify as a covered auto under the Policy.

22. The Accident did not involve an auto that qualifies as a covered auto under the Policy.

23. The 2014 Freightliner, VIN 3ALACWDT7EDFL6663, that Theodor was operating was not being used to haul cargo at the time of the Accident.

24. The 2014 Freightliner, VIN 3ALACWDT7EDFL6663, that Theodor was operating was not being used by SMS as a for hire motor carrier at the time of the Accident.

25. The 2014 Freightliner, VIN 3ALACWDT7EDFL6663, that Theodor was operating was not being used by SMS to transport the property of another individual or entity for compensation at the time of the Accident.

26. The Policy also contains a Form MCS-90 Endorsement, in compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

## COUNT I - DECLARATORY JUDGMENT
## AS TO DUTY TO DEFEND

27. Hallmark incorporates by reference paragraphs 1 through 26 of this Complaint as if set forth fully herein.

28. An actual controversy has arisen between Hallmark and Defendants, and there exists a bona fide, actual, present, and practical need for a declaration regarding Hallmark's duty to defend SMS in the Underlying Lawsuit.

29. Based upon the foregoing facts and Policy language, Hallmark contends that it has no duty under the Policy to defend SMS in the Underlying Lawsuit because the Accident did not involve a covered auto under the Policy.

30. The declaration pertains to a present, ascertainable set of facts and controversy between the parties.

31. There may be other coverage defenses which may be later revealed and, accordingly, Hallmark incorporates all terms, conditions, exclusions, and other

M1029699.1 16076

7

Case 1:23-cv-00152-CHS    Document 1    Filed 07/11/23    Page 7 of 11    PageID #: 7

provisions of the Policy and does not intend by the filing of this Complaint to waive any such defenses.

32. Hallmark and the Defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

33. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Hallmark and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## COUNT II – DECLARATORY JUDGMENT AS TO DUTY TO INDEMNIFY

34. Hallmark incorporates by reference paragraphs 1 through 33 of this Complaint as if set forth fully herein.

35. An actual controversy has arisen between Hallmark and Defendants, and there exists a bona fide, actual, present, and practical need for a declaration regarding Hallmark's duty to indemnify SMS in the Underlying Lawsuit.

36. Based upon the foregoing facts and Policy language, Hallmark contends that it has no duty under the Policy to indemnify SMS in the Underlying Lawsuit because the Accident did not involve a covered auto under the Policy.

37. There may be other coverage defenses which may be later revealed and, accordingly, Hallmark incorporates all terms, conditions, exclusions, and other

provisions of the Policy and does not intend by the filing of this Complaint to waive any such defenses.

38. Hallmark and the Defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

39. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Hallmark and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## **COUNT III – DECLARATORY JUDGMENT AS TO THE FORM MCS-90 ENDORSEMENT**

40. Hallmark incorporates by reference paragraphs 1 through 39 of this Complaint as if set forth fully herein.

41. An actual controversy has arisen between Hallmark and Defendants, and there exists a bona fide, actual, present, and practical need for a declaration regarding the application of the MCS-90 Endorsement to the Underlying Lawsuit.

42. Based upon the foregoing facts, the terms of the MCS-90 Endorsement, and the rules and regulations of the FMCSA, Hallmark contends that it has no obligations related to either the Accident or the Underlying Lawsuit under the Form MCS-90 Endorsement attached to the Policy because SMS was not transporting property for-hire in interstate commerce with a commercial motor vehicle at the time of the Accident.

43. Hallmark and the Defendants have a present, actual, and antagonistic controversy in the subject matter described herein.

44. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Hallmark and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff, HALLMARK respectfully requests this Court issue the following relief:

(1) Declare that HALLMARK has no obligation under the Policy to defend SMS in the Underlying Lawsuit;

(2) Declare that HALLMARK has no obligation under the Policy to indemnify SMS for any claims asserted in the Underlying Lawsuit;

(3) Declare HALLMARK has no obligations realted to eitehr the Accident or the Underlying Lawsuit under the Form MCS-90 Endorsement attached to the Policy; and

(4) Grand such other and further relief as this Court deems just and proper.

Respectfully submitted this __10__ day of July, 2023.

ROBINSON, SMITH & WELLS, PLLC

By: _s/ Ronald D. Wells_
    Ronald D. Wells, BPR# 011185
    Suite 700, Republic Centre
    633 Chestnut Street
    Chattanooga, TN 37450
    Telephone: (423) 756-5051
    Facsimile: (423) 266-0474
    rwells@rswlaw.com
    *Attorney for Plaintiff, Hallmark County Mutual Insurance Company*